IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $346,918.00 U.S. CURRENCY SEIZED ON AUGUST 10, 2021, DURING THE EXECUTION OF A SEARCH WARRANT, | ) ) ) | |
| | ) | |
| Defendant. | ) | **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Bridget M. Brennan, United States Attorney for the Northern District of Ohio, and James L. Morford, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

JURISDICTION AND INTRODUCTION

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendant currency pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and (ii) 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district.

3. The defendant currency is now in the custody of the United States Marshals Service (USMS). This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which the USMS will execute upon the defendant currency. *See*, Supplemental Civil Procedure Rules G(3)(b) and G(3)(c).

4. Venue is proper in this district pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and (ii) 28 U.S.C. Section 1395 because the action accrued in this district.

5. On August 10, 2021, Special Agents and Task Force Officer(s) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) – in conjunction with Officers of the Cleveland Police Department (CPD) - seized the defendant $346,918.00 U.S. Currency (hereinafter, the "defendant currency") at the South Euclid, Ohio, residence of Daniel Brooks. The seizure was made pursuant to the execution of a search warrant.

6. ATF commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant currency was submitted in the administrative forfeiture proceeding by Daniel Brooks, thereby requiring the filing of this judicial forfeiture action.

7. The defendant currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

### DANIEL BROOKS' CRIMINAL (DRUG) HISTORY AND PRIOR FORFEITURES

8. On November 5, 2015, Daniel Brooks entered a guilty plea to the following charge in Case No. CR-15-594175, Cuyahoga County Court of Common Pleas: Trafficking in

Drugs (felony 3), in violation of O.R.C. § 2925.03(A)(2). The Court imposed a prison sentence at the Lorain Correctional Institution of nine months.

9. Also, in Case No. CR-15-594175, Cuyahoga County Court of Common Pleas, the following properties were forfeited to the state: $1,048.00 U.S. Currency, two cell phones, a 2003 Chevrolet Tahoe, and a digital scale.

10. On August 15, 2012, Daniel Brooks entered a guilty plea to the following charge in Case No. CR-12-562037, Cuyahoga County Court of Common Pleas: Attempted Trafficking in Drugs (misdemeanor 1), in violation of O.R.C. Sections 2925.03(A)(2) and 2923.02. Brooks was sentenced to the Cuyahoga County Jail for a term of six months; execution suspended (six months probation).

11. Also, in Case No. CR-12-562037, Cuyahoga County Court of Common Pleas, the following property was forfeited to the state (East Cleveland Police Department): $593.00 U.S. Currency.

12. On December 18, 2008, Daniel Brooks entered a guilty plea to the following charge in Case No. CR-08-516671, Cuyahoga County Court of Common Pleas: Trafficking in Drugs (felony 4), in violation of O.R.C. § 2925.03(A)(1). The Court imposed a prison sentence at the Lorain Correctional Institution of nine months; sentence to run concurrent with Case No. CR-08-507673.

13. On March 27, 2008, Daniel Brooks entered a guilty plea to the following charge in Case No. CR-08-507673, Cuyahoga County Court of Common Pleas: Trafficking in Drugs (felony 5), in violation of O.R.C. § 2925.03(A)(2). Following his violation of Community Control Sanctions, Brooks was sentenced to the Lorain Correctional Institution for a term of nine months; sentence to run concurrent with Case No. CR-08-516671.

14. On February 3, 2006, Daniel Brooks entered a guilty plea to the following charge in Case No. CR-05-467691, Cuyahoga County Court of Common Pleas: Drug Possession (felony 4), in violation of O.R.C. § 2925.11. The Court imposed a prison sentence at the Lorain Correctional Institution of eight months.

15. Also, in Case No. CR-05-467691, Cuyahoga County Court of Common Pleas, a cell phone was forfeited.

16. On August 22, 2001, Daniel Brooks entered a guilty plea to the following charge in Case No. CR-01-410549, Cuyahoga County Court of Common Pleas: Trafficking in Cocaine (felony 5), in violation of O.R.C. § 2925.03. The Court imposed a prison sentence at the Lorain Correctional Institution of six months; sentence to run concurrent with Case No. CR-01-407233, which charged, *inter alia*, carrying concealed weapon and failure to comply with order/signal.

## FORFEITURE

17. In approximately June, 2021, the ATF received information that Daniel Brooks receives approximately 500 pounds of marijuana per month from Michigan and sells it in Ohio.

18. On August 2, 2021, a trash pull was conducted at the South Euclid, Ohio, residence of Daniel Brooks. The trash was removed from the trash can and placed in a law enforcement owned vehicle. Three (3) black trash bags were taken. The trash was transported to the CPD 5th District station, where it was sorted through for items of evidentiary value. Items without evidentiary value were placed in a dumpster.

19. Inside one of the trash bags was a clear plastic bag containing marijuana residue. The bag had the letters "GG" written on it with a black marker and appeared to be able to hold multiple pounds of marijuana. The bag was tied in a knot. When the knot was untied and the bag was opened, an ATF Task Force Officer (TFO) smelled a strong odor of raw marijuana. A

field test was conducted and gave a positive result for marijuana.

20. The recovery of the clear plastic bag containing marijuana residue was consistent with marijuana trafficking. The marijuana contained in such bags is broken down into smaller bags and sold to drug users.

21. Multiple pieces of mail addressed to Daniel Brooks also were recovered from the three black trash bags.

22. At approximately 7:35 a.m. on August 10, 2021, ATF Special Agents and Task Force Officer(s) – in conjunction with CPD Officers – executed a state search warrant at the South Euclid, Ohio, residence of Daniel Brooks.

23. CPD SWAT secured the residence and a copy of the search warrant was provided to Brooks. An ATF TFO advised Brooks of his *Miranda* rights, which he indicated he understood. Brooks stated that there were two firearms, ammunition, and approximately one quarter pound of marijuana in the residence.

24. Brooks inquired as to the basis of the search – i.e., had law enforcement pulled his trash or had they arrested someone he sold marijuana to. Officer(s) declined to answer Brooks' question.

25. During the search, numerous items were seized; including, approximately a little over a pound of marijuana (lab analysis pending), the defendant $346,918.00 U.S. Currency, drug paraphernalia, firearms, and firearm accessories and ammunition.

26. Depending upon its quality, the "street value" of a pound of marijuana can range from $5,000.00 to $9,000.00.

27. The seized marijuana (lab analysis pending) was contained in approximately five separate bags/containers found in Brooks' bedroom and throughout the residence.

28. The bulk of the defendant $346,918.00 U.S. Currency was found in a bag in Brooks' bedroom and in four large bags in a safe in the basement. The remaining approximately $6,888.00 of the defendant currency was found in other locations of the residence.

29. The recovered drug paraphernalia included packaging material for pounds of marijuana, ziplock and vacuum seal bags, and an AWS digital scale.

30. The recovered firearms and firearm accessories/ammunition included the following:

   a.) 60 rounds federal ammunition, caliber: 556.

   b.) 8 rounds assorted ammunition, caliber: 45.

   c.) 340 rounds assorted ammunition, caliber: unknown.

   d.) 504 and 550 rounds federal ammunition, caliber: 22.

   e.) 344 rounds Tula Cartridge Works – Russia ammunition, caliber: 762.

   f.) Taurus G2C pistol, caliber: 9, serial number: TKZ27558.

   g.) 10 rounds CCI ammunition, caliber: 9.

   h.) Glock GMBH 17 pistol, caliber: 9, serial number: BCBG562.

   i.) 18 rounds federal ammunition, caliber: 9.

   j.) 31 rounds federal ammunition, caliber: 223.

   k.) .45 caliber Kim Pro magazine.

   l.) 12 rifle magazines and one drum magazine.

   m.) Slide Fire SSAR-15 SBS superior performance stock.

31. During law enforcement's execution of the search warrant, officers broached the subject of Brooks becoming a confidential informant for the ATF. Brooks indicated an interest.

32. In this regard, Brooks permitted officers to look at his cell phone.

33. The officers and Brooks reviewed 20 or more particular text messages on Brooks' cell phone, which Brooks identified as conversations relating to drug sales.

34. Officers also reviewed Brooks' Instagram account. Officers were able to identify two individuals as subjects associated with firearms trafficking.

35. While reviewing his cell phone, officers spoke with Brooks about the price of "weed". Officers asked "about what a pound goes for". Brooks stated that he sells marijuana for $5,000.00 to $9,000.00 per pound.

36. Brooks permitted officers to take photographs of three (3) text message screens from the cell phone. The conversations/pictures contained thereon are indicative of narcotics trafficking, and included the following:

a.) On or before May 24, 2021, at 12:42 p.m., Brooks texted: "Aint got it right now". The person receiving the text responded at 12:47 p.m. as follows: "Bet put me together like some fire purp s**t". Officers knew the latter text to mean: Put aside some 'purple weed' for me.

b.) On June 5, 2021, Brooks sent a picture of approximately one pound of hydroponic marijuana to a drug customer.

c.) On June 14, 2021, at approximately 3:50 p.m., a person texted Brooks the following: "You got something for the 4400".

d.) On July 15, 2021, a person texted Brooks the following: "U got [emoji of gasoline pump] 4 da 150 a zipp". Officers knew this text to mean: Do you have 'fire weed' for $150 per ounce.

e.) On July 21, 2021, at 11:20 a.m., Brooks texted: "Aye you think you can get me that today im going ot tomorrow". The person receiving the text responded at 12:06 p.m. as follows: "I got 3900 right now it's a lil slow right now down here".

f.) On July 21, 2021, at 4:11 p.m., the person texting Brooks wrote: "Wat type u got Any glue&watz da $". Officers knew this text to mean: Do you have any 'glue' (a type of marijuana) and what is the price.

g.) On August 9, 2021 – the day before the execution of the search warrant at Brooks' residence - a person texted Brooks the following: "I got 3410 how much

for a whole pound n a half pound that court shot f**ked me up I'm almost done with your bag".

37. Upon completion of the search, copies of the search warrant and inventory were left with Brooks.

## CONCLUSION

38. By reason of the foregoing, the defendant $346,918.00 U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, respectfully requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States Marshals Service for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

Bridget M. Brennan
U.S. Attorney, Northern District of Ohio

By: _____
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3743 / James.Morford@usdoj.gov

## VERIFICATION

STATE OF OHIO )
) SS.
COUNTY OF CUYAHOGA )

I, James L. Morford, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio

Sworn to and subscribed in my presence this  13  day of January, 2022.

Notary Public

ANNA J DUDAS
Notary Public
State of Ohio
My Comm. Expires
December 5, 2026

9